UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT JAMES MORGAN, #596132, )
      Plaintiff, )
  ) No. 2:19-cv-248
-v- )
  ) HONORABLE PAUL L. MALONEY
BRENDA L. BUCHANAN, et al., )
      Defendants. )
  )

## ORDER

This is a civil rights action brought by state prisoner Robert Morgan pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Morgan's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Maarten Vermaat (R&R ECF No. 35; Objection ECF No. 36). Defendants have responded to Morgan's objection (ECF Nos. 37, 40). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the

district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

The R&R concludes that Morgan failed to exhaust administrative remedies against Defendants before filing this lawsuit because a Step III appeal was never filed for the relevant grievance. In his objection, Morgan argues that he mailed the Step III appeal, but Defendants ignored it. There is no evidence in the record to support this argument. In any event, the only available record evidence shows that Morgan's appeal was not timely sent. Thus, Morgan failed to exhaust the available administrative remedies, the R&R's conclusion is correct, and this objection will be overruled. Morgan also notes that he sued the Defendants in their individual capacities, not their official capacities. The R&R acknowledges this and dismisses only the official-capacity claims, to the extent that any exist. This objection, if it is one, must be overruled. Accordingly,

**IT IS ORDERED** that the July 24, 2020 R&R (ECF No. 35) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 36) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 12, 21) are **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

**Date:** September 30, 2020  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

3